

Vikrant Pawar, Esq.
Robert Blossner, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
KYREE MOORE, PRINCESS JOHNSON on
behalf of her minor children M'KAYLA MOORE,
and KAMOORI MOORE,

                    Plaintiffs,

       -against-

THE CITY OF NEW YORK, P.O. ANA NIVAR,
SGT. JOHNNY NAPOLEAN, JOHN AND
JANE DOES,

                 Defendants.
-------------------------------------------------------x

**COMPLAINT**

Jury Demand

Plaintiffs KYREE MOORE and PRINCESS JOHNSON on behalf of her minor children M'KAYLA MOORE and KAMOORI MOORE (hereinafter "Plaintiff") by and through their attorneys, Vikrant Pawar, and Robert Blossner, Esqs., respectfully allege as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§1981, 1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to this lawsuit.

## PARTIES

7.      Plaintiff Kyree Moore, Princess Johnson, M'Kayla Moore and Kamoori Moore (hereinafter "Plaintiffs") are citizens of the United States, and at all relevant times residents of the County of Bronx, City and State of New York.

8.     Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant Sgt. Napolean is a supervisory officer who was acting under the color of state law and responsible for supervision of his subordinates and is sued in his individual, official and supervisory capacities.

10.     Defendant Ana Nivar is alleged to have acted under the color of state law and is sued in her individual and official capacities.

11.     The named and yet to be named individual Defendants are employees of Defendant City and other government entities and are sued in their individual, supervisory and official capacities and are alleged to have acted under the color of state law.

## FACTS

12.     On June 6, 2011, Plaintiff Kyree Moore was lawfully inside his home at 1231 Sheridan Avenue, Apt. 22 with his two minor children (M'Kayla Moore – 12 months old and Kamoori Moore - 24 months old).

13.     Plaintiffs were taking a nap in their apartment when they heard a banging on the door.

14.     Plaintiff Kyree went to the door and his daughter 12 month old M'Kayla followed him.

3

15.   When plaintiff opened the door, he saw a Hispanic female officer who was asking for a person by the name of "Ricardo." Plaintiff stated that he did not know that person and no one was inside his house besides himself and his two minor children. The Hispanic female officer apologized.

16.   Plaintiff observed a uniformed male Hispanic officer and an African-American female officer behind the Hispanic officer.

17.   Around the same time, defendant Napoleon came up the stairs and demanded to come inside plaintiff's apartment. Plaintiff informed him that he has minor children inside his house and did not want any police officers inside his home.

18.   Regardless of plaintiff's refusal to let him in, defendant Napoleon used his body to push the door in. In the process plaintiff was knocked to the ground and his minor daughter M'Kayla went flying across the room. The African-American female officer went inside and picked up M'Kayla who was hysterically crying. By this time, plaintiff's other minor son Kamoori had gotten up from the commotion and also started crying.

19.   During this time, defendant Napoleon with the assistance of the other officers threw plaintiff to the ground, got on top of him and started punching his face. When plaintiff tried to block his face from the punches, defendant Napoleon pepper-sprayed him.

20.   They then arrested plaintiff and searched the apartment, finding nothing except for two hysterically crying minors.

4

21.   Defendants then took plaintiff to the precinct and left the minors by themselves until their mother plaintiff Princess Johnson was able to finally come from Manhattan after leaving work to take care of them.

22.   Plaintiff Kyree Moore had committed no crime, yet the defendants to cover-up their unlawful actions, charged plaintiff with Assault in the 3rd degree, Resisting arrest, and Harassment in the 3rd degree. Defendants also falsified that they had been hurt by plaintiff.

23.   Plaintiff was held for more than 24 hours and finally treated at Bronx Lebanon Hospital Center. Plaintiff M'Kayla has a scar on her forehead when she was thrown across the room by defendant Napoleon.

24.   After making numerous court appearances, the charges against plaintiff were dismissed.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest and Unlawful Search)

25.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.   There was no probable cause for the arrest or the continued incarceration or unlawful search of Plaintiffs, and as such the Defendant's acts resulted in violations of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

27.   As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from unreasonable seizure was violated and they sustained physical and emotional injuries.

5

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Rights under the Fourteenth Amendment-Due Process)

28.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29.    The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

30.    As a result of the foregoing, Plaintiff was deprived of his liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution)

31.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.    Defendants knew that by filing false charges against Plaintiff he would very likely be held in custody, have to endure numerous court appearances, and the expense of hiring an attorney and despite such belief, the Defendants fabricated evidence.

33.    Due to Defendants' actions, Plaintiff was deprived of life and liberty interest.

6

34.     Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff and yet failed to drop and instead did pursue the charges knowing full well that the charges were trumped up. Defendants continued such prosecution solely in retaliation based upon Plaintiff's refusal to cooperate and give Defendants information or create evidence against his co-Defendants. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and he was subjected to violation of his state and federal rights.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (*Monell*/Municipal Liability)

35.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

37.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting, assaulting and extorting individuals suspected of crimes without due process based on their age, color, and race and for voicing their concerns about improper police activity. In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

7

38.   In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

39.   As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

40.   The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

41.   Defendants, collectively and individually were directly and actively involved in violating Plaintiff's constitutional rights.

## AS AND FOR AN FIFTH CAUSE OF ACTION
(Violation of Section 1981)

42.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.   Defendants targeted Plaintiffs falsely accused him of a crime and unlawfully assaulted and searched plaintiffs' home solely because of his race and color and caused them deprivation of their constitutional rights.

44.   As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR AN SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

45.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.    Upon information and belief, Defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff' rights.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

47.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

49.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.    Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged

9

in the wrongful conduct described herein.

## AS AND FOR AN NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

51.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

52.     As a result of the foregoing, Plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

53.     As a result of Defendants' conduct, Plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

54.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

55.     The aforementioned conduct was committed by Defendants while acting within the scope of their employment by Defendant City.

56.     The aforementioned conduct was committed by Defendants while acting in furtherance of their employment by Defendant City.

57.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs.

58.     As a result of the aforementioned conduct, Plaintiffs suffered severe

emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

59.    As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Conspiracy under Section 1985)

60.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.    Defendants targeted and brutalized Plaintiff because of his being found in a location with other persons whom the police had targeted.  When defendants could not find any evidence of criminal activity against the plaintiff, they conspired with each other to fabricate evidence and bring trumped up charges against the plaintiff.

62.    Plaintiffs suffered serious and permanent physical and emotional injuries.

## AS AND FOR A TWEVLTH CAUSE OF ACTION
### (Denial of Right to Fair Trial)

63.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    Defendants' actions and conduct denied plaintiff the right to a fair trial and hearing and prolonged his unlawful seizure and him being maliciously prosecuted.

65.    As a result of this, plaintiff was injured.

11

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Supervisory Liability)

66.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.    The Defendant supervisors had the supervisory duty to control their sub-ordinates. Instead through their own actions and inaction, plaintiff suffered injuries and therefore they are liable under supervisory liability.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (First Amendment-Right to Privacy/Retaliation)

68.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69.    Defendants threatened and attempted to bully plaintiff into providing them with information about "Ricardo". However, plaintiff was unaware of "Ricardo" and when he voiced his opinion of being left alone in the privacy of his home, defendants retaliated against him by arresting him and fabricating evidence against him that resulted in him being maliciously prosecuted and as a result, plaintiff suffered injuries.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Excessive force)

70.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    One of the Defendants used unreasonable force against Plaintiff causing him injuries.  Defendants' actions also caused a permanent scar on M'Kayla's forehead and permanent psychological injuries to the minor children.

72.    As a result of defendants' conduct, Plaintiffs suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for each Plaintiffs against Defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.


Dated: New York, New York
       December 27, 2012

Vikrant Pawar, Esq.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
    Vikrant Pawar (VP9101)
    Robert Blossner (RB0526)
    *Attorneys for Plaintiff*